NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50354 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00787-LAB |
| v. | |
| JORGE WALTER BARRIOS, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Jorge Walter Barrios, Jr., appeals from the district court's judgment and

challenges the 94-month custodial sentence and five-year term of supervised

release imposed following his guilty-plea conviction for importation of

methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 952 and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

960 and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barrios argues that the district court procedurally erred by choosing a sentence based on clearly erroneous facts, and by failing to provide an adequate explanation for imposing an above-Guidelines term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court's statements regarding Barrios's criminal history were not "illogical, implausible, or without support in the record." *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010); *see also United States v. Hilgers*, 560 F.3d 944, 948 n.4 (9th Cir. 2009) (district court may treat as true any factual assertion in the presentence report to which the defendant does not object). Further, the record reflects that the district court adequately explained its reasons for selecting an above-Guidelines term of supervised release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole).

Barrios also contends that the five-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines term is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and

16-50354

the totality of the circumstances.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**